WILLIAM LEITSCH, Corporation Counsel, Columbia County
In your letter of April 10, 1974, you ask a question relative to the provisions for county school tax contained in sec. 59.07
(21), 1971 Stats.
Prior to its repeal by sec. 300m of ch. 90, created by the Laws of 1973, this section provided that counties levy a tax "sufficient to pay county aids to districts which qualify in an amount not less than $350 per teacher unit operating in the county in the preceding year. . . ."
In addition, this section provided that if a school district lies in more than one county, "the county in which such elementary teachers during the preceding year are employed shall be reimbursed by any other county in which the school district lies for its share of such $350 for the number of elementary teachers in the whole district in the ratio which the full valuation of the property of the school district lying in the other county bears to the full valuation of all the property in the district; . . ."
Section 300m of ch. 90, Laws of 1973, repealing sec. 59.07
(21), 1971 Stats., became effective August 4, 1973.
As indicated in your letter, under the provisions of sec. 59.07
(21), the State Department of Public Instruction certified to the counties the amount that they should include in their budget for school purposes under sec. 59.07 (21). Where the school districts are located in more than one county, the school district certifies the proportionate share due the county paying the full amount. This county then bills to the other county the amount due from it.
In response to a request for specific facts regarding payments made by Columbia County under sec. 59.07 (21), the County Clerk, Natalie Sampson, in a letter dated May 24, 1974, wrote in part: *Page 301 
 "On March 16, 1973 we issued checks to the School District Treasurers in Columbia County in the total amount of $107,450.00 as certified to us by the Department of Public Instruction for the year 1971-72.
 "On March 25, 1974 we sent bills to the counties bordering Columbia County for the pro-rata share in the total amount of $22,716.40."
This information is verified by copies of the certification and schedule of apportionments furnished to us by the County Clerk of Columbia County. In addition, we have been furnished with a copy of a schedule of payments made by Columbia County to the treasurers of the school districts pursuant to the apportionment schedule.
Your question is: By repeal of sec. 59.07 (21), 1971 Stats., are such counties liable for payment of the amount billed to them for their proportionate share of the 1972 tax when such share was paid in full prior to the passage of sec. 300m of ch. 90, as created by the Laws of 1973?
In my opinion, the answer to your question is that counties are liable for payment of their proportionate share pursuant to a 1972 certification showing payment of the full amount prior to the passage of sec. 300m of ch. 90, Laws of 1973.
Once the entire sum of aid was paid pursuant to sec. 59.07 (21) (b), the proportional share paid by the county paying the whole amount in the first instance became due to that county from the county on whose behalf payment was made. This right to payment is similar to a contractual right which has been perfected to a degree that the continued existence of the statute is not necessary to protect that right. Because it is a vested right, it has an existence of its own which cannot be extinguished by sec. 300m created by ch. 90, Laws of 1973.
 "Under common law principles of construction and interpretation the repeal of a statute or the abrogation of a common law principle operates to divest all the rights accruing under the repealed statute or the abrogated common law, and to halt all proceedings not concluded prior to the repeal. However, a right which has become vested is not dependent upon the *Page 302 common law or the statute under which it was acquired for its assertion, but has an independent existence. Consequently, the repeal of the statute or the abrogation of the common law from which it originated does not erase a vested right, but it remains enforceable without regard to the repeal.
 "In order to become vested, the right must be a contract right, a property right, or a right arising from a transaction in the nature of a contract which has become perfected to the degree that the continued existence of the statute cannot further enhance its acquisition." Sutherland Statutory Construction, Vol. 1A, 4th Ed., sec. 23.34, p. 283. (Emphasis added.)
In addition, sec. 990.04, Stats., provides in part as follows:
 "The repeal of a statute hereafter shall not remit, defeat or impair any . . . rights of action accrued under such statute before the repeal thereof, . . . and rights of action created by or founded on such statute, . . . shall be preserved and remain in force notwithstanding such repeal, unless specially and expressly remitted, . . . by the repealing statute. . . ."
It is my opinion that this section is applicable here.
In view of the foregoing, it must be concluded that the counties are liable for payment of their proportionate share in accordance with the 1972 certification of the county paying the whole amount in the first instance.
RWW:JWC